**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Leo E. HEYMANN, Defendant-Appellant.**

**No. 77-3353.**

United States Court of Appeals, Fifth Circuit.

Dec. 22, 1978.

Michael S. Fawer, Matthew H. Greenbaum, New Orleans, La., for defendant-appellant.

John P. Volz, U. S. Atty., Mary Williams Cazalas, Irving J. Warshauer, Asst. U. S. Attys., New Orleans, La., for plaintiff-appellee.

Before JONES, AINSWORTH and HILL, Circuit Judges.

PER CURIAM:

Affirmed on the basis of the written reasons for ruling by Judge Schwartz dated October 6, 1977, see Exhibit A attached.

AFFIRMED.

Appendix A to follow

## APPENDIX A

## UNITED STATES OF AMERICA

### vs.

## LEO E. HEYMANN

Crim. A. No. 75–681.

United States District Court,
E. D. Louisiana.

Oct. 6, 1977.

### REASONS FOR RULING

CHARLES SCHWARTZ, District Judge.

This matter came before the Court on October 5, 1977 on defendant's motion to dismiss, founded upon the constitutional prohibition against putting a defendant twice in jeopardy for the same offense, at which time same was and is DENIED.

██ Succinctly put, defendant argues that by integrating evidence utilized in a previous trial (Criminal No. 75–680)[1] into a subsequent trial (Criminal No. 75–681),[2] the double jeopardy clause of the United States Constitution, Amendment V precludes further prosecution of charges emanating from the November 1974 incident. In particular, defendant avers that "multiple prosecutions" and prosecutorial misconduct and neglect are prohibitive of a second trial.

██ Having carefully considered and thoroughly reviewed the record in its entirety, the Court specifically finds there to be no "prosecutorial misconduct" nor "prosecutorial overreaching" in the Government's prior prosecution of the defendant. See *United States v. Dinitz,* 424 U.S. 600, 96 S.Ct. 1075, 47 L.Ed.2d 267 (1976); cf. *United States v. Kessler,* 530 F.2d 1246 (5th Cir. 1976). Accordingly, there is no constitutional impediment to allowing this matter to proceed forthwith by retrial. *Hardwick v. Doolittle,* 558 F.2d 292, esp. 297 (5th Cir.

1977). Moreover, the *per curiam* opinion of the Fifth Circuit indicates its awareness of the double jeopardy claim as its aversion to it was the predicate for its reversal. Further, the opinion especially sanctioned a retrial as the last paragraph of same concludes, "The judgment appealed from is reversed; the case is remanded for a new trial."

JAMES C. HILL, Circuit Judge, specially concurring:

I concur in the result in this case. I am not prepared to suggest, however, that a prosecutor's overreaching in revealing to the jury inadmissible and prejudicial facts or contentions which, under the law, ought to produce a mistrial can escape a double jeopardy bar to retrial merely because the district judge erroneously permits the prejudicial material to be presented to the jury and then erroneously declines to grant the mistrial motion which has been forced by prosecutorial misconduct. *See United States v. Dinitz,* 424 U.S. 600, 611, 96 S.Ct. 1075, 47 L.Ed.2d 267 (1976); *United States v. Crouch,* 566 F.2d 1311, 1317 (5th Cir. 1978); *United States v. Kessler,* 530 F.2d 1246, 1256 (5th Cir. 1976).

On the other hand, I am certainly not prepared to suggest that every error made by the trial court in the admission of evidence tendered by the government would bar a retrial even though the evidence thus admitted ought to have produced a mistrial. Such a holding would be at odds with the general rule that a mistrial granted at the defendant's insistence will ordinarily not preclude a retrial on double jeopardy grounds unless the mistrial motion was forced upon the defendant by prosecutorial or judicial overreaching "motivated by bad faith or undertaken to harass or prejudice."

---

1. In the previous trial, the district court granted defendant's motion for a judgment of acquittal on charges stemming from Mr. Heymann's alleged April 1974 incident.

2. The subsequent trial held before Judge Robert J Kelleher resulted in a jury conviction on the charges arising out of the November 1974 incident, but was reversed *per curiam* by the

Fifth Circuit (Summary Calendar # 76–2202) which held that the use of evidence of the April 1974 transaction was reversible error violative of the double jeopardy clause of the U.S. Constitution Amendment V. Accordingly, the Fifth Circuit reversed the conviction and "remanded for a new trial."

*Lee v. United States,* 432 U.S. 23, 32, 97 S.Ct. 2141, 2147, 53 L.Ed.2d 80 (1977); *United States v. Dinitz,* 424 U.S. at 611–12, 96 S.Ct. 1075; *United States v. Jorn,* 400 U.S. 470, 485, 91 S.Ct. 547, 27 L.Ed.2d 543 (1971); *United States v. Crouch,* 566 F.2d at 1316–19.

I view the error here to be of the sort not involving overreaching. The retrial of this defendant does not amount to double jeopardy.